**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH J. TAGGART,<br><br>　　　　　　　　Debtor/Plaintiff,<br><br>　v.<br><br>AJX MORTGAGE TRUST I, A DELAWARE TRUST, WILMINGTON SAVINGS FUND SOCIETY, FSB, TRUSTEE, GREGORY FUNDING, LLC, AND GREAT AJAX OPERATING PARTNERSHIP, LP,<br><br>　　　　　　　　Defendants | CHAPTER 11 PROCEEDING<br><br>Case No. 21-12476-AMC<br><br>Adversary No. 22-00019-AMC<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT AND QUIET TITLE ACTION WITH PREJUDICE** |

## I.    INTRODUCTION

This action is one of the countless frivolous lawsuits brought by Plaintiff Kenneth J. Taggart ("Plaintiff" or "Taggart"), in an effort to avoid his obligations and invalidate a valid mortgage lien.  Taggart is a well-known serial litigant who, over the past decade, has filed nearly three dozen similar (and equally frivolous) lawsuits related to his various rental properties.  *See Taggart v. Deutsche Bank Nat'l Trust Co.*, 2021 U.S. Dist. LEXIS 104102, *1 (E.D. Pa., June 3, 2021).[1]  Indeed, Taggart "has not received a favorable judgment in any of his actions and has been warned that his cases "are an abuse of the judicial process." *Id.*

---

[1]    "Rather than just make his mortgage payments like other homeowners, serial litigant Kenneth Taggart has wasted judicial resources and his opponents' time and money for more than a decade.") (citing *Taggart v. Wells Fargo Bank, N.A., et al.*, No. 12-3177, 2013 U.S. Dist. LEXIS 84908, 2013 WL 3009732, at *3 (E.D. Pa. June 18, 2013); s*ee also Taggart v. Harrison*, No. 07-3645; *Taggart v. Chase Bank USA, N.A., et al.*, No. 09-1533; *Taggart v. Norwest Mortgage, Inc., et al.*, No. 09-1281; *Taggart v. Greenpoint Mortgage Funding, Inc., et al.*, No. 09-3416; *Taggart v. Greenpoint Mortgage Funding, Inc., et al.*, No. 09-3417; *Taggart v. Chase Bank USA, N.A.*, No. 09-3761; *Taggart v. Wells Fargo Home Mortgage, Inc., et al.*, No. 10-843; *Taggart v. BAC Home Loans Servicing, LP, et al.*, No. 10-1223; *GMAC Mortgage LLC, et al. v. Taggart*, No. 10-2393; *Wells Fargo Bank, N.A. v. Taggart*, No. 10-2657; *Taggart v. Franconia Township, et al.*, No. 10-2725; *Deutsche Bank National Trust Co. v. Taggart*, No. 11-4668; *Taggart v. GMAC Mortgage LLC, et al.*, No. 12-415; *Taggart v. County of Montgomery, et al.*, No. 12-1913; *Taggart*

In the current action, Taggart purports to assert nineteen (19) causes of action against Defendants, including various claims for quiet title / declaratory judgment (Counts One – Six), breach of contract (Counts Seven – Fifteen), and fraud (Counts Eighteen – Nineteen), each of which seek to challenge the validity of the mortgage and/or Defendants' standing to enforce the same). Taggart provides no factual support for any of these claims, however, and instead relies on a convoluted set of allegations generally pertaining either to: (1) the origination of the loan, (2) a foreclosure action filed in 2009, and (3) a second foreclosure action filed in 2013.

Taggart's claims are wholly deficient and should be dismissed on numerous grounds. First, all claims challenging the validity of the Loan are barred by res judicata because they were (or could have been) fully litigated in the very first lawsuit Taggart filed in connection with the subject Loan (in *2009*). Moreover, Taggart's fraud and breach of contract claims are barred by the applicable statute of limitations, as they are entirely based on the previous foreclosure actions, which were filed in 2010 and 2013, respectively. In any event, even if one were to set these bars aside, each of Taggart's claims fail as a matter of law because the Complaint fails to provide any facts to support any of their respective elements. For these reasons and as set forth below, the Court should dismiss the complaint in its entirety and with prejudice.

---

*v. Wells Fargo Bank, N.A., et al.*, No. 12-2359; *Taggart v. GMAC Mortgage LLC, et al.*, No. 12-4077; *Taggart v. Deutsche Bank Nat'l Co., et al.*, No. 12-4455; *Taggart v. United States*, No. 15-mc-255; *Taggart v. Bank of New York Mellon, et al.*, No. 15-2985; *Taggart v. Morgan Stanley ABS Capital I Inc. Trust, et al.*, No. 16-062; *Taggart v. Wells Fargo Bank, N.A., et al.*, No. 16-063; *Taggart v. United States Dep't of Justice, et al.*, No. 16-4040; *Taggart v. United States Dep't of Justice*, No. 17-3210; *Taggart v. Montgomery County Court of Common Pleas, et al.*, No. 18-1409; *Taggart v. New Century Financial Services, Inc., et al.*, No. 20-4261).

## II.    STATEMENT OF FACTS

### A.    The Mortgage Loan

On or about July 20, 2005, Taggart obtained a mortgage loan in the amount of $120,000.00 (the "Loan") from Chase Bank USA, N.A. ("Chase"), which was used to refinance an existing debt secured by the real property located at 7242 Saul Street, Philadelphia, Pennsylvania 19149-1217 (the "Property").   In connection with the Loan, Taggart executed a promissory note (the "Note") in favor of Chase, under which Taggart acknowledged his receipt of the aforementioned Loan funds, and agreed to repay said amounts in accordance with the terms set forth therein. [2] Concurrent with his execution of the Note, Taggart also signed a mortgage agreement and a 1-4 Family Rider Assignment of Rents (collectively, the "Mortgage"), thereby agreeing to convey his interest in the Property to Chase (and its successors and assigns) as security for the debt owed under the Note.[3]

### B.    Taggart's Default and Campaign of Frivolous Litigation

Taggart defaulted under the terms of the Mortgage by failing to make the monthly loan payment due March 1, 2009, and each month thereafter.   Tellingly, it was immediately after this missed payment that Taggart commenced his campaign of judicial abuse, with his first lawsuit challenging the validity of the Mortgage filed just a few days later, on March 5, 2009.   Specifically,

---

[2]    A true and correct copy of the Note is attached hereto as <u>Exhibit A</u>. The Court may consider the Note because it is integral to Taggart's claims, and is relied upon throughout the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("a document integral to or explicitly relied upon in the complaint" may be considered without converting the motion to dismiss into one for summary judgment.") (internal citations omitted).

[3]    A true and correct copy of the Mortgage is attached hereto as <u>Exhibit B</u>. The Court may consider the Mortgage because, like the Note, it is integral to Taggart's claims. *See supra* n. 2. The Mortgage is also a public record, which was recorded in the Office of the Recorder of Deeds for Philadelphia County on August 11, 2005, at Instrument No. 51241165. As such, there can be no dispute as to its authenticity. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss").

Taggart filed a complaint against Chase in the Philadelphia Municipal Court, which was subsequently removed to the U.S. District Court for the Eastern District of Pennsylvania and docketed as *Taggart v. Chase Bank USA, N.A., et al.*, No. 09-cv-01533 ("*Chase I*").[4] In *Chase I*, Taggart purported to rescind the Loan based on alleged Chase's alleged failure to disclose certain information at the time of closing, in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq. *See* Ex. C. On April 16, 2009, Chase moved to dismiss the complaint on the basis that the claims were time-barred, *see* Ex. D at ECF 4, and on May 5, 2009, the court entered an order converting the motion to a motion for summary judgment. *See id.* at ECF 3. On June 15, 2009, the court entered an order dismissing *Chase I* with prejudice on the basis that the claims were barred by TILA's one-year statute of limitations.[5] *See id.* at ECF 12. Taggart filed a notice of appeal on July 14, 2009, and on November 27, 2009, the Third Circuit Court of Appeals affirmed the decision.[6]

While his appeal of the final order in *Chase I* was still pending, Taggart filed a second action in the Philadelphia Municipal Court, which was likewise removed to the E.D. Pa., and was docketed *Taggart v. Chase Bank USA, N.A., et al*, No. 09-cv-03761 ("*Chase II*").[7] In *Chase II*,

---

[4]     True and correct copies of the complaint and docket report from *Chase I* are attached hereto as <u>Exhibit C</u>  and <u>Exhibit D</u>, respectively. The Court may consider *Chase I* and the pleadings filed therein because it is a matter of public record. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (noting that when ruling on a motion to dismiss, the court may rely on matters of public record, which include judicial proceedings and the opinions of other courts).

[5]     A true and correct copy of the June 15, 2009, Opinion and Order entered in *Chase I* on June 15, 2009, is attached hereto as Exhibit E. *See supra* n. 5.

[6]     A true and correct copy of the Third Circuit's Opinion affirming the dismissal of *Chase I* is attached hereto as <u>Exhibit F</u>. *See supra* n. 5.

[7]     True and correct copies of the complaint and docket report from *Chase II* are attached hereto as <u>Exhibit G</u> and <u>Exhibit H</u>, respectively. *See supra*, n. 5.

Taggart again asserted claims under TILA, and also asserted violations of the Real Estate

Settlement and Procedures Act ("RESPA"), the Fair Credit Reporting Act ("FCRA"), the Fair Debt

Collection Practices Act ("FDCPA") and TILA's implementing regulations (Regulation Z).  *See*

Ex. G.  On August 24, 2009, Chase moved to dismiss the complaint on the basis that the claims

were barred by *res judicata*. *See* Ex. H. The court agreed as much, and on October 24, 2009, it

issued an order and opinion dismissing the case with prejudice, noting that "[a] comparison of the

two complaints readily reveals that although the plaintiff asserts different causes of action, both

lawsuits concern the same mortgage and loan transaction, and any claims for relief should have

been raised in the first action.[8]

### C.    The Foreclosure and Quiet Title Actions

On April 22, 2010, Chase sent Taggart the combined pre-foreclosure notice (the "Notice")

pursuant to Act 6 and the Homeowner's Emergency Mortgage Assistance Act of 1983, 35 P.S. §§

1680.401c-1680.412c ("Act 91").  *See JP Morgan Chase Bank N.A. v. Taggart*, 203 A.3d 187, 188

(Pa. 2019).  Taggart failed to cure the default, and as a result, Chase filed a complaint in mortgage

foreclosure on September 2, 2010.  *See id.*  Taggart filed preliminary objections in response to the

complaint, and after Chase failed to respond, the Court entered an order on February 3, 2011,

which dismissed the complaint without prejudice. *See id.*  Neither party took any action to reopen

the case and, as a result, it was administratively closed due to inactivity. *See id.*

On July 26, 2013, Chase filed a second foreclosure action under docket number 130703473

(the "Second Foreclosure Action")[9], and on January 13, 2015, Taggart filed a quiet title action in

---

[8]    A true and correct copy of the Order and Opinion dismissing *Chase II* is attached hereto as
Exhibit I.  *See supra* n. 5.

[9]    True and correct copies of the complaint and docket report from the Second Foreclosure
Action are attached hereto as Exhibit J and Exhibit K, respectively.  *See supra* n. 5.

the Philadelphia Court of Common Pleas, which was docketed as *Taggart v. JP Morgan Trust 2006-A7,et al.,* No. 150101366 (the "First QTA").[10]  On July 16, 2016, the court entered an order staying the First QTA pending adjudication of the Second Foreclosure Action.  *See* Ex. M.

The Mortgage was subsequently assigned to Great Ajax, and on February 23, 2015, it was substituted as the Plaintiff in the Second Foreclosure Action.  *See* Ex. K.  The action proceeded to a bench trial on May 27 and 28, 2015, and on November 25, 2015, the trial court rendered a verdict in favor of Great Ajax.  *See id.*  Judgment was entered on the court's verdict on December 7, 2015, which Taggart timely appealed on the basis that, *inter alia,* he did not receive proper notice of the foreclosure as required by Act 6.  *See id.*  On August 25, 2017, the Superior Court issued an opinion affirming the trial court's entry of judgment, and in response, Taggart petitioned the Supreme Court for leave to appeal.

On October 5, 2017, the trial court lifted the stay in the First QTA.  *See* Ex. M.  On January 22, 2018, Taggart filed his third amended complaint in that action, and on February 12, 2018, the defendants responded by filing preliminary objections in the nature of a demurrer, asserting that the final foreclosure judgment barred further litigation of the relevant issues.  *See id.*  On March 9, 2018, the trial court entered an order sustaining Defendants' preliminary objections.  *See id.*

On February 22, 2018 – shortly before the trial court's order sustaining Defendants' preliminary objections – the Pennsylvania Supreme Court entered an Order granting in part Taggart's petition of allowance of appeal, and on September 26, 2019, it issued its opinion reversing the trial court's judgment.  In particular, the Supreme Court held that Act 6 "requires [a] lender to provide a second pre-foreclosure notice prior to initiating a second mortgage foreclosure

---

[10]    True and correct copies of the complaint and docket report from the First QTA are attached hereto as <u>Exhibit L</u> and <u>Exhibit M</u>, respectively.  *See supra* n. 5.

action.  *See JP Morgan Chase Bank N.A. v. Taggart*, 203 A.3d at 197.  On July 24, 2020, the

Superior Court reversed the trial court's order sustaining Defendants' preliminary objections, on

the basis that the order was improperly entered after Taggart's petition for allowance of appeal had

been granted.  *See Taggart v. JP Morgan Mortgage Trust 2006-A-7, et al.*, No. 1060 EDA 2018

(Pa. Super. Ct. Jul. 24, 2020).

### D.    <u>The Third Foreclosure Action and the Bankruptcy Proceedings</u>

Great Ajax subsequently assigned its interest in the Mortgage to AJX Mortgage, which was

evidenced by an assignment of mortgage recorded in the Office of the Recorder of Deeds for

Philadelphia County on May 1, 2020, as Instrument No. 53663097.[11] September 1, 2020, AJX

Mortgage sent Taggart its notice of default and intent to foreclose along with its other statutory

pre-foreclosure notices.  On or about October 21, 2020, AJX Mortgage filed a foreclosure

complaint in the Court of Common Pleas for Philadelphia County, which was docketed as AJX

Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee c/o Gregory

Funding, LLC v. Kenneth J. Taggart, No. 201001597 (the "Third Foreclosure Action").[12]

On September 9, 2021, Taggart filed a voluntary petition (the "Petition") for relief under

chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, in the United States

Bankruptcy Court for the Eastern District of Pennsylvania, Philadelphia Division, Case No. 21-

(the "Bankruptcy"). On or about October 26, 2021, AJX Mortgage filed its Proof of Claim setting

---

[11]    A true and correct copy of the assignment to AJX Mortgage is attached hereto as <u>Exhibit N</u>.  *See supra* n. 4-5.

[12]    True and correct copies of the complaint filed in the Third Foreclosure Action, including the notice of default and notice of intent to foreclose, is attached hereto as <u>Exhibit O</u>.  *See* supra n. 5.

forth the amount past due and owing under the Mortgage.[13]  On November 8, 2021, AJX Mortgage

filed a Motion to Stay the First QTA pursuant to 11 U.S.C. § 362 (AJX's "Motion for Stay").  *See*

ECF No. 33.  On November 10, 2021, a hearing was held on AJX's Motion for Stay, and on

November 12, 2021, the Court entered an Order granting the Motion.  *See* Bankr. ECF No. 33, 43.

On November 12, 2021, Taggart filed a Motion for Reconsideration of the Court's Order, which

was denied January 6, 2021.  *See* id. at No. 45, 72. On January 6, 2022, Taggart filed a Motion for

Relief from the Order imposing the stay, which the Court likewise denied following a hearing held

on February 2, 2022.  *See* ECF No. 105, 108. On February 2, 2021, Taggart appealed the Order

granting AJX's Motion for Stay to the District Court.  *See id.* at No. 12.

On February 9, 2021, AJX filed a Motion to Determine the Priority of its Secured Claim

pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3001 (AJX's "502 Motion").[14]  *See* Bk. ECF

119.  In response, Taggart filed the subject Complaint against Defendants, which he alleged was

necessary because the 502 Motion was "procedurally improper and . . . fail[ed] to effectuate due

process."  *See* Compl. ¶ 1.[15]  On March 10, 2022, the Court entered an Order granting AJX's 502

Motion, which Taggart again appealed to the District Court on March 16, 2022.  *See* Bankr. ECF

No. 152, 170.

## III.    <u>LEGAL STANDARD</u>

---

[13]    A true and correct copy of the Proof of Claim is attached hereto as Exhibit P.  *See supra*
n. 5.

[14]    On December 8, 2021, this Court also granted AJX Mortgage's Motion for Turnover of
Rents, thereby confirming its status as a secured creditor with respect to this Property.  *See* Bankr.
ECF No. 63.

[15]    Contrary to Taggart's proclamation, there is no dispute that he received notice of AJX's
502 Motion, or that he lodged a separate response thereto, which he filed concurrent with the
Complaint *sub judice*.  *See* Bankr. ECF No. 144.

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Federal Rule of Civil Procedure 8(a).  *Siwulec v. J.M. Adjustment Servs., LLC*, 465 F. App'x 200, 202 (3d Cir. 2012).  Rule 8(a) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Supreme Court explained in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), this requirement:

> demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.

*Id.* at 687 (internal citations and quotations omitted).

To satisfy the requirements of Rule 8, a complaint must allege "sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  While a court must generally accept all well-pleaded factual allegations as true, this does not apply to "legal conclusion couched as a factual allegation" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("a formulaic recitation of the elements of a cause of action will not do").  Thus, in reviewing which allegations must be accepted as true, courts engage in a three-part analysis in which they (1) "outline the elements a plaintiff must plead to . . . state a claim for relief"; (2) identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "determine whether . . . [the] well-pleaded factual allegations, [if any,] . . . plausibly give rise to an entitlement for relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  A complaint that fails to satisfy these requirements must be dismissed for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).

Moreover, it is well established that dismissal with prejudice is appropriate where (1) a party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party. *See Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003) (internal citations omitted); *see also Goldfish Shipping, S.A. v. HSH Nordbank AG*, 623 F. Supp. 2d 635, 639-40 (E.D. Pa. 2009) ("a court may deny amendment of a complaint if such amendment would be inequitable, *i.e.*, the need for the amendment is the result of the movant's undue delay, bad faith or dilatory motive; the need for the amendment is the result of movant's repeated failure to cure deficiencies by amendments previously allowed, or the amendment would cause undue prejudice to the opposing party."); *Carpenter v. Kloptoski*, No. CIV.A. 1:08-CV-2233, 2010 WL 891825, at *8 (M.D. Pa. Mar. 10, 2010) (finding leave to amend would be futile where plaintiff fails to pursue a viable theory of liability against a particular defendant).

## IV.  ARGUMENT

### A.  The Complaint Fails to Satisfy the Requirements of Rule 8.

As a preliminary matter, the Complaint should be dismissed because it fails to raise any factual allegations in accordance with Rule 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Civ. P 8(a)(2).  Indeed, the Complaint fails to clearly articulate the basis of any of his purported claims – opting instead to carry on the strategy of his former counsel by "throwing everything at the wall to see what sticks." Notably, the allegations appear substantially similar to those asserted in the aforementioned case against DBNT, which Judge Pappert aptly described as "a convoluted, incoherent, jumbled mess," consisting of 400 paragraphs and 29 counts, and lacked any "clear chronology or logical organization and numerous paragraphs," and devoted much of its resources to addressing issues

from the related foreclosure action.  *See Taggart v. Deutsche Bank Nat'l Trust Co.*, 2021 U.S. Dist. LEXIS 104102, *5.  While the court's prior admonishment was directed at Taggart's former counsel, it was clearly sufficient to put Taggart on notice regarding the glaring defects that render the Complaint unsuitable for filing. Nonetheless, Taggart merely recycled the "jumbled mess" of a pleading, which is yet another example of Taggart's bad faith.  The Complaint should be dismissed on this basis alone.

**B.**  **Taggart's Claims Related to the Loan's Origination are Barred by *Res Judicata***

Setting aside the pleading deficiencies noted above, Taggart is barred from pursuing his claims because, *inter alia*, he already litigated these issues (or could have done so) in prior actions. Under both Pennsylvania law and federal common law, *res judicata* acts to bar a claim that was (or could have been) raised in a prior action if it shares four conditions: "(1) an identity of the thing sued upon; (2) an identity of the cause of action; (3) an identity of the person and parties to the action; and (4) an identity of the quality or capacity of the parties suing or sued. *Stuart v. Decision One Mortg. Co., LLC*, 2009 PA Super 103, P6, 975 A.2d 1151, 1153, (Pa. Super. Ct. 2009); *see also Delaware River Port Authority v. Fraternal Order of Police*, 290 F.3d 567, 573 n.10 (3d Cir., 2002) ("preclusion [i]s appropriate when an issue was distinctly put in issue, directly determined adversely to the party against whom estoppel is asserted, and where: "(1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question.") (quoting *Board of Trustees of Trucking Employees of New Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 504 (3d Cir. 2012)).

While *res judicata* may not apply based on the foreclosure judgment, the same cannot be said of *Chase I*, in which a final judgment was entered dismissing Plaintiff's TILA-rescission claim. *See Taggart v. Chase Bank USA, N.A.*, 2009 U.S. Dist. LEXIS 51622, *1 (June 15, 2009). Not only does this preclude Taggart from assuring any additional TILA claims – but any claim involving the Loan, which "could have been raised in the earlier proceeding." *Taggart v. Chase Bank United States*, N.A., 375 Fed. Appx. 266, 268 (3d Cir. 2009) ("the thrust of the two complaints is the same, as Taggart seeks redress for allegedly wrongful conduct in connection with the same underlying event, the July 20, 2005 mortgage. . . Even though his second complaint relies on new violations and different legal theories . . . Taggart is merely attempting to split a cause of action, which he is not permitted to do.") (citing *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999); *Churchill v. Star Enters.,* 183 F.3d 184, 194-95 (3d Cir. 1999)).  Here, the Complaint asserts claims related to the origination of the Loan, including, *inter alia*, unsubstantiated claims of forgery and alleged defects in the execution and recording of those documents. *See, e.g.*, Compl. ¶¶ 43-47.  While these allegations are patently false, the Court need not go as far as to consider the merits of the issues because they could have been (and thus were required to be) raised in *Chase I.*

### C.      Taggart's Claims for Fraud and Breach of Contract are Time-Barred Under the Applicable Statute of Limitations

Moreover, even assuming, *arguendo*, that *res judicata* did not bar all of Taggart's claims, his claims for fraud, breach of contract, and violations of RESPA and TILA would be time-barred under the applicable statute of limitations.  Under Pennsylvania law, the state of limitations for breach of contract and fraud is four years and two years, respectively.  *See* 42 Pa.C.S. §§ 5524-25. Here, the allegations upon which Taggart purports to base these claims relate entirely to the First and Second Foreclosure Actions.  While the Complaint does not articulate when most of the

alleged conduct took place, it is evident they all pertain to conduct that occurred during or before

the Second Foreclosure Action trial, which was held in May 2015.  Thus, no matter how Taggart

attempts to formulate his claims for fraud and breach of contract, he was required to bring any

such claim, at the latest, by May 2017 and May 2019, respectively.  Thus, while the statute of

limitations likely ran on most of these "claims" much earlier, there is no question that any breach

of contract or fraud claim is now time-barred.

     **D.**    <u>**Each Claim Also Fails Individually, as a Matter of Law.**</u>

       **1.**    **Taggart Fails to Plead a Cause of Action for Quiet Title or Declaratory Judgment**

Taggart fails to state a plausible quiet title claim against any Defendant. Rather, Taggart

recycles the same baseless allegations asserted in several other cases, and demands that Defendants

proffer evidence to support their claim(s) of title on his property.[16] *See* Compl. pp. 33-44.

Pennsylvania law authorizes use of an action to quiet title to "compel an adverse party to file,

record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any

document, obligation or deed affecting any right, lien, title or interest in land." Pa. R. Civ. P.

1061(b)(3); *see also US Bank Nat. Ass'n v. McClain*, 134 A.3d 100 (Pa. Super. 2015).  "The

purpose of a quiet title action . . . is to remove clouds on title and resolve conflict over interests in

property." *Taggart*, 2016 U.S. Dist. LEXIS 100130, 2016 WL 4076818, at *5 (citing *White v.

Young*, 409 Pa. 562, 186 A.2d 919, 921 (Pa. 1963)).

---

[16]    These requests are improper and need not be considered by the Court.  Indeed, as Judge Edward G. Smith noted in his opinion dismissing one the many similar claims Taggart has previously filed, the quiet title statute "is not a license to force any person somewhat associated with a property transaction to answer a series of requests for admissions and produce documents." *Taggart v. Morgan Stanley ABS Capital I Inc. Tr. 2007-HE2*, No. 16-62, 2016 U.S. Dist. LEXIS 100130, at *12-13 (E.D. Pa. Aug. 1, 2016)

Here, Taggart fails to allege any cloud on title as he has not alleged any party other than AJX Mortgage holds an interest in the Mortgage. Accordingly, his quiet title claim should be dismissed. *Taggart v. Wells Fargo Bank, N.A.*, 723 F. App'x 127, 128-29(3d Cir. 2018) (finding Taggart failed to allege any "cloud on his title," as he "d[id] not dispute that he obtained the loan and . . .executed and delivered the note and mortgage . . . [and relied on] conclusory [allegations, with] no specific facts suggesting that anyone besides Wells Fargo la[id] claim to his property.").

### 2. Taggart's Breach of Contract Claim Fails as a Matter of Law

Taggart's breach of contract claim likewise fails as a matter of law. To state a breach of contract claim under Pennsylvania law, Taggart must plead facts that plausible show "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages." Here, Taggart purports to rely on Chase's failure to serve a new Act 6 Notice before filing the Foreclosure Action, asserting that AJX Mortgage's "predecessors . . . filed a wrongful foreclosure based on a breach of contract by [Chase]." *See* Compl. ¶ 105. Taggart fails to identify the provision(s) he believes were breached, nor does he explain how Defendants are liable for the alleged actions of their "predecessors." In fact, it is evident that Taggart had no intent to pursue a breach of contract claim – but rather, seeks to raise an additional (and equally meritless and nonsensical) basis to avoid AJX's valid Mortgage lien, asserting that Chase's failure to provide a new Act 6 Notice before filing the Second Foreclosure constituted a breach of contract and that this somehow renders any foreclosure claim time-barred.[17] And while their basis are not entirely clear, it is evident that none of Taggart's arguments provide any basis for relief.

---

[17] Like the remainder of the Complaint, the allegations raised in support of these claims are completely nonsensical. Taggart contends that Chase accelerated the loan on September 2, 2010 (when the First Foreclosure was filed), and that any subsequent action had to be filed within one year of the First Action's dismissal on February 3, 2011. *See* Compl. ¶ 17. While this is obviously

First, the assertion that Defendants' "predecessors" breached the contract" by failing to serve a new Act 6 notice is both irrelevant and entirely without merit.  Indeed, the requirement underlying the Supreme Court's reversal of the foreclosure judgment is statutory, not contractual. *See* 41 P.S. § 403(a) (requiring mortgage lenders to give notice of its intent to accelerate the maturity of the mortgage obligation and to commence foreclosure at least 30 days in advance). Accordingly, no breach of contract claim of action accrues where a mortgagee fails to provide the requisite notice before filing a second (or even first) foreclosure action.  And while the lack of proper notice can serve as a defense to foreclosure, it does not affect the validity of the mortgagee's claim (or the court's jurisdiction over the same).  *See Beneficial Consumer Disc. Co. v. Vukman*, 77 A.3d 547, 550 (Pa. 2013) (noting that a cause of action in foreclosure arises from the mortgagor's default, and does not include the mortgagee's compliance with Act 91, which are "notice requirements [that] appear to fit comfortably in the procedural realm as they set forth the steps a mortgagee with a cause of action must take prior to filing for foreclosure."); *see also United States Bank Nat'l Ass'n v. Davis*, 232 A.3d 952, 955 (Pa. Super. Ct. 2020) (holding res judicata does not apply to an order of dismissal based on a mortgagee's failure to comply with Act 91's notice requirements).

The Court should likewise reject Taggart's erroneous and convoluted assertions that AJX's ability to enforce the Mortgage is somehow precluded by the previously filed foreclosure actions. Any such arguments are conclusively refuted by the Pennsylvania Superior Court's recent holding in *Davis*, which affirmed the widely accepted principle that "*res judicata* does not bar [subsequent foreclosure] action[s] . . . [unless] there was [a] decision on the merits in the prior action." *Davis*,

---

false for the reasons discussed herein, it also has no apparent relevance to Chase's failure to provide a new Act 6 Notice before the Second Foreclosure Action was filed.

232 A.3d at 957-959.  Notably, this holding is based largely on the Supreme Court's analysis in *Taggart*, which it found "illuminating as to whether [it] c[ould] consider a second foreclosure on the same mortgage a new cause of action."  *Davis*, 323 A.3d at 956 (noting that Taggart found a new notice was required to effectuate the purpose of Act 6 because "[t]he second action involved a different amount necessary to cure the default.").  Taggart's advancement of arguments that are directly contrary to Supreme Court precedent  in which he was the named appellant and prevailing party  is yet further evidence of Taggart's bad faith and abuse of the judicial process.

### 3.    Taggart Fails to Plead a Claim for Fraud

Taggart also fails to identify any factual allegations to support a claim for fraud – let alone facts sufficient to satisfy the heightened pleading standard under Fed. R. Civ. P. 9(b).  To state a claim for fraud under Pennsylvania law, a plaintiff must show: a "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance."  *See Gruenwald v. Advanced Computer Applications, Inc.*, 1999 PA Super 118, 730 A.2d 1004, 1014 (Pa. Super. Ct. 1999) (quoting *Gibbs v. Ernst*, 538 Pa. 193, 647 A.2d 882, 889 (Pa. 1994)).  Moreover, under Fed. R. Civ. P. 9(b), "the circumstances constituting fraud or mistake" must be stated "with sufficient particularity to place the defendant on notice of the precise conduct with which [it is] charged.'" *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (alteration in original) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004), abrogated on other grounds by *Twombly*, 550 U.S. 544)).

4. **Taggart's Bad Faith is Further Evidenced by his Reference to Various Claims which Lack any Factual Support Whatsoever**

While the Complaint should be dismissed for failing to plead allegations with specificity as required by Rule 8(a), Taggart also alludes to several causes of action without any reference to their respective elements – or any facts that could be viewed as potentially relevant thereto. In particular, and without limitation, the Complaint includes bald assertions regarding improper PMI charges, *see* Compl. ¶¶ 14-15, and also alludes to Defendants' failure to provide various RESPA/TILA notices, including Notices of Payment Change, billing statements, and escrow account disclosures, *id.* at ¶¶ 10-12. Taggart provides no factual allegations in support of these claims, nor does he offer even as much as a conclusory accusation regarding what they may be based on. Indeed, Taggart does not state how the statutes/regulations were violated, when any such violation(s) are alleged to have occurred, who is alleged to have committed them, or who owned/serviced the Loan at the time. Accordingly, the Complaint clearly fails to put Defendants on notice of the basis of these claims.

Moreover, the nature and extent of these deficiencies suggest Taggart did not intend to raise them against Defendants. Rather, viewed in the context of the entire Complaint and Taggart's past conduct, these claims are likely the remnants of a sloppy cut and paste job – something for which Taggart has been reprimanded more than once. *See Taggart v. Deutsche Bank Nat'l Trust Co.*, 2021 U.S. Dist. LEXIS 104102, *40 (E.D. Pa. June 3, 2021) (noting that Taggart's "Amended Complaint . . . include[d] many rambling, seemingly out-of-place allegations . . .consistently mislabel[ed] the parties . . . and recycle[ed], without bothering to edit them, paragraphs from his filings in the state court foreclosure case."). . Thus, despite being repeatedly reprimanded and sanctioned for similar cut and paste pleadings, Taggart continues to utilize this same conduct here, in blatant disregard for the rules and requirements of the courts before which he appears. This

further demonstrates extent of Taggart's bad faith, and evidences the need for a filing bar to enjoin further abuse of the judicial system.

## V.      <u>CONCLUSION</u>

Taggart's Complaint should be dismissed in its entirety because it purports to assert claims that are either time-barred or precluded by res judicata.  Even setting these bars aside, each claim is individually subject to dismissal because the allegations are entirely without merit.  Moreover, any request for leave to amend should be denied, as the Complaint was filed in bad faith, and is one of the countless frivolous actions Taggart has filed in his endless abuse of the judicial system. Accordingly, Defendants respectfully request that the Court enter an Order dismissing Taggart's Complaint, including his quiet title claims and every other cause of action asserted therein, with prejudice.

Respectfully submitted,

Dated: March 29, 2022

*/s/ Jill Manuel-Coughlin*
Jill Manuel-Coughlin, Esq. (PA ID No. 63252)
Daniel C. Fanaselle, Esq. (PA ID No. 312292)
POWERS KIRN, LLC
Eight Neshaminy Interplex, Suite 215
Trevose, PA 19053
T: (215) 564-8695
F: (215) 564-8120
jill@powerskirn.com
daniel.fanaselle@powerskirn.com

*Attorneys for Defendants*