# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kenneth Taggart<br><br>Debtor | 21-12476-AMC |
| KENNETH J. TAGGART<br>Landlord | Chapter 11 |
| | Adversary No: 22-00019-AMC |
| Kenneth Taggart<br>    Plaintiff<br>v.<br>Gregory Funding, LLC<br>9400 S.W. Beaverton-Hillsdale Hwy<br>Suite #131<br>Beaverton, OR. 97005<br>v.<br>Great Ajax Operating Partnership, L.P.,<br>P.O. Box 25430,<br>Portland, OR, 97298<br>v.<br>AJX Mortgage Trust I, a Delaware Trust, : Wilmington Savings Fund Society, FSB, : C/O Thetis Management, LLC,<br>9400 SW Beaverton, Hillsdale Hwy, 131 :Beaverton, Oregon 97005<br>   v.<br>      Defendants<br>   v.<br>Doe     Defendants | FILED<br>MAY - 3 2022<br>TIMOTHY McGRATH, CLERK<br>BY _____ DEP. CLERK |

## REPLY by DEBTOR to THE OBJECTIONS of DEFENDANTS

## to DEBTORS AMENDED ADVERSARY COMPLAINT

Debtors opposition is being filed in response to Defendants Motion to Dismiss the Complaint and Amended Complaint as filed with this court and pursuant to the courts direction at the hearing on April 27,2022.

1

## I.  ABSTENTION – NO JURISDICTION OF THE COURT

### A. FIRST FILED RULE

Claims herein were already filed in state court regarding the same subject matter, and are only being filed in an abundance of caution to the claims made AJX Mortgage Trust I in this court by way of a Motion to Determine Lien. These claims were first filed in state court in three pending actions. The first filed rule as well as abstention requirements prohibit this court from adjudication these claims and should defer to the state court actions to resolve the matter. The First Filed Rule precludes this action as the claims have already been filed in state court in Pennsylvania by way of three pending actions in state court. The U.S Supreme Court has determined that the first filed action should be adjudicated to determine those claims, *Taylor v. Sturgell, 553 U.S. 880 (2008)*, and the Third Circuit Court of Appeals, *Chavez v. Dole Food Co., Inc, No. 13-4144 (3d Cir. 2016), and In Re: Plavix Marketing, Sales Practices and Products* **Liability Litigation, No. 18-2472 (3d Cir. 2020) (Precedential)** The Third Circuit's iteration of the first-filed rule provides, as a preliminary matter, that "'in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.'" *E.E.O.C. v. U. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1998) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)). The Third Circuit has observed that the rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." *Id.* "Federal courts are presumed not to have jurisdiction without affirmative evidence of this fact." See *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. Withum Smith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012). The party asserting that a court has jurisdiction bears the burden of proving that such jurisdiction exists. See Nuveen, at 293.

2

**B.   *THESE CLAIMS ARE NON- CORE BY DEFINITION AS THEY EXISTED OUTSIDE OF BANKRUPTCY AND NO CONSENT TO JURISDICTION WAS GRANTED TO THE COURT BY DEBTOR TO ADJUDICATE***

The Court has an independent obligation to determine whether it has the requisite subject-matter jurisdiction to hear and decide a case or controversy. *Arbaugh v. Y& H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 1244, 163 L.Ed.2d 1097 (2006); see also *Enterprise Bank v. Eltech, Inc. (In re Eltech, Inc.)*, 313 B.R. 659, 662-663 (Bankr. W.D.Pa. 2004). The court only has subject-matter jurisdiction to hear and decide the Adversary Proceeding if the lawsuit constitutes any of the following: (1) a "case under" title 11, (2) a civil proceeding "arising under" title 11, (3) a civil proceeding "arising in" a case under title 11, or (4) a civil proceeding that is "related to" a case under title 11. The first three types of subject-matter jurisdiction set forth above have their genesis in title 11 (i.e., the Bankruptcy Code). Specifically, a "case under" title 11 refers to the bankruptcy petition itself. *In re Combustion Eng'g, Inc.*, 7 Available at . Case 17-07028-JAD Doc 197 Filed 09/25/19 Entered 09/25/19 15:25:05 Desc Main Document Page 18 of 58 19 391 F.3d 190, 225 n. 38 (3d Cir. 2005). A proceeding "arises under" title 11 when the Bankruptcy Code creates the cause of action or when the Bankruptcy Code provides the substantive right that is being invoked. *Stoe v. Flaherty*, 436 F.3d 209, 217 (3d Cir. 2006); see also *Halper v. Halper*, 164 F.3d 830, 836-37 (3d Cir. 1999). Likewise, a proceeding "arises under" title 11 or "arises in a case under title 11" if the proceeding would have "no existence utside of bankruptcy." *United States Trustee v. Gryphon at the Stone Mansion, Inc., 166 F.3d 552, 556 (3d Cir. 1999).* **These claims existed outside of the bankruptcy. *Court's jurisdiction Falls under 1334.*** If an action does not fall within the boundaries of jurisdiction set forth in 28 U.S.C. § 1334, the "core" versus "non-core" provisions of 28 U.S.C. § 157 are of no moment. Conversely, if an action does fall within the contours of 28 U.S.C. § 1334, then 28 U.S.C. § 157

3

does apply. Of the actions that a bankruptcy court may have jurisdiction to hear under 28 U.S.C. § 1334, the classification of them as "core" versus "non-core" <u>under 28 U.S.C. § 157 merely distinguishes between those actions or proceedings in which the bankruptcy court may enter final judgment subject to ordinary appellate review and those proceedings which the bankruptcy court, absent the consent of the litigants, may enter a non-final determination</u> (i.e., a report and recommendation) for *de novo* review by the district court. *See Wellness Int'l Network, LTD v. Sharif, U.S., 135 S.Ct. 1932, 191 L.Ed.21 911 (2015)*. This statutory framework therefore mandates the conclusion that 28 U.S.C. § 157 does not serve as a vehicle to enlarge federal court jurisdiction over bankruptcy matters under 28 U.S.C. § 1334.

## C. CONTEMPORANEOUS STAY BEING FILED IN THE EASTERN DISTRICT OF PENNSYLVANIA

These claims are regarding three claims already being litigated in state court as the court is well aware of. There are three pending appeals regarding the same subject matter and specifically regarding the jurisdiction of this court at this time. See *In Taggart, EDPA , No 22-cv-01031, No. 22-cv-00586, No. 22-cv-00475*. As Such, any other claims regarding the court's jurisdiction over the claims of AJX and Taggart should be stayed as a matter of law as the court lacks jurisdiction to adjudicate said claims.

## D. NO JURISDICTION WHILE UNDERAPPEAL

"The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the [appellate court] and divests the [trial court] of its control over those **aspects of the case involved in the appeal.**" *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). <u>Notably, the jurisdiction of this court to hear claims regarding the same</u>

4

<u>issues in the state court claims that have not been removed to this court are part of the appeal in three pending appeals in the Eastern District of Pennsylvania.</u>

Filing of a notice of appeal deprives the bankruptcy court of jurisdiction to enter orders that would affect or modify any issue or matter on appeal. *Bialac v. Harsh Inv. Co. (In re Bialac)*, 694 F.2d 625 (9th Cir. 1982); *Hyman v. Iowa State Bank (In re Health Care Prods.)*, 169 B.R. 753, 755 (M.D. Fla. 1994) (**filing notice of appeal from appealable order divests lower court of jurisdiction over issues related to the appeal;** bankruptcy court lacked jurisdiction to strike affidavit following grant of summary judgment on turnover complaint and opponent's filing of notice of appeal); *In re Neuman*, 67 B.R. 99 (S.D.N.Y. 1986) (no jurisdiction to modify appealed order); *In re Maurice*, 179 B.R. 881 (Bankr. N.D. Ill.) (bankruptcy court lacks authority to provide guidance or modify order pending appeal), *aff'd* 69 F.3d 830 (7th Cir. 1995); *In re Commodore Corp.*, 87 B.R. 62 (Bankr. N.D. Ind. 1987) (**no jurisdiction to "do anything that impacts on any issues or matters on appeal"**). *But see In re Allen-Main Assocs. L.P.*, 243 B.R. 606, 609 (D. Conn. 1998) (appeal of dismissal order did not deprive lower court of jurisdiction over alleged debtor's claim for attorney fees).

## II.  DEFENDANTS HAVE FAILED TO RESPOND TO ALL ASPECTS OF AMENDED COMPLAINT

The court may glean from the record that Plaintiff/Debtor has amended the complaint in response to Defendants Motion to Dismiss pursuant to FRBP 7015, which mirrors or cites FRCP 15, and allows for an amended complaint to be filed in response to a "Motion to Dismiss" within 14 days of the filing of a "Motion to Dismiss". Plaintiff did revise and amend his complaint to address the issues in Defendants Motion to Dismiss to cite additional facts and pleadings regarding the objections of Defendants. There are an additional 10 pages of facts and pleadings in the Amended Complaint that defendants have failed to contest.

5

### III. CLAIMS UPHELD BY THE STATE COURT OF COMMON PLEAS, SUPERIOR COURT OF PENNSYKLVANIA, AND THE SUPREME COURT OF PENNSYLVANIA.

Plaintiff's claims have been upheld and vetted by the Court of Common Pleas, and have already survived a Motion to Dismiss, upheld by the Superior Court of Pennsylvania., and are related to the Supreme Court's decision in Taggart's favor, *J.P. Morgan Chase Bank (substitute Plaintiff Great Ajax Operating Partnership, LLP) v Taggart*, 203 A.3d 187 (Pa. Sup. Ct., Feb 20, 2019). There were also other prior actions regarding the same subject matter between Taggart and alleged predecessors of AJX Mortgage Trust I. The first action filed by an alleged predecessor of AJX Mortgage Trust I was a foreclosure action by Chase Home Finance, LLC, Chase Home Finance, LLC v Taggart, Sept Term 2010, No. 10 0804848, Sept 2, 2010. That action was dismissed by the Honorable Idee Fox on Preliminary Objections by the court for, *inter alia*, failure to comply with conditions precedent including notice requirements and failure to verify and validate the debt.

Significantly, the Supreme Court of Pennsylvania reversed the judgment by the Court of Common Pleas, for failure to comply with conditions precedent by way of effectuating the notice requirements in a foreclosure action under Act 6 as required by state law. The judgment was vacated and the action dismissed by the Court of common Pleas for lack of jurisdiction to hear the case or pronounce judgment.

These orders represent, *inter alia*, a breach of contract each time the court has entered an order in Taggart's favor for failure to meet conditions precedent. See Amended Complaint for all specific claims and documentation that is supported by evidence. Debtor incorporates all other pleadings in this court prior to this regarding the claims by Debtor against AJX Mortgage Trust I, and Defendants.

6

## IV.  CONCLUSION

This court simply has had no jurisdiction over the claims from the outset pursuant to the "First Filed Rule". Additionally, these claims are non-core as they existed outside [and independent] of the bankruptcy and no consent was provided to the court by debtor to adjudicate said claims. Moreover, these claims are pertaining to the same subject matter and jurisdiction of which appeals are pending in three orders of this court which have been noted. The court is otherwise prevented as a matter of law from taking action on any issues on which an appeal is peding, See *In Taggart, EDPA , No 22-cv-01031, No. 22-cv-00586, No. 22-cv-00475.*

Finally, these claims have merit and have been vetted by the Court of Common Pleas, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania as noted herein and by way of referencing the state court cases currently pending as evidence of such vetting. The evidence and pleadings in the Amended Complaint have merit and supporting evidence which Defendants have not controverted with any admissible evidence. The bald claims, objections, affidavits and declarations made by defendants are inadmissible evidence and no applicable case law has been cited to controvert Plaintiff's Claims.

These claims should be stayed pending the appeals, or dismissed without prejudice so they may proceed in state court. A contemporaneous "stay" is being requested in this court as well as the Eastern District of Pennsylvania by way of a "stay and injunctive relief". Any action at this juncture is beyond the authority of the court, is discriminatory, would violate Debtors constitutional rights, and equal protection under the law.

Kenneth Taggart, Debtor.